CENTER FOR DISABILITY ACCESS
Isabel Masanque, Esq., SBN 292673
Christina Carson , Esq., SBN 280048
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys For Plaintiff


James S. Link (State Bar # 94280)
Counselor & Advocate at Law
215 N. Marengo Avenue, 3rd Floor
Pasadena, CA 91101
(626)793-9570
(626)628-1925 (fax)
james.s.link@att.net

Counsel for Defendants
4477 Hollywood Investment I, LLC and
4477 Hollywood Investment II, LLC


TODD B. SCHERWIN, SBN 239848
E-Mail tscherwin@fisherphillips.com
NATHAN V. OKELBERRY, SBN 266596
E-Mail nokelberry@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
Kwan Industries, Inc.

1

1
2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

3
4
5
6
7
8
9
10
11
12

**Chris Langer**,

    Plaintiff,

    v.

**4477 Hollywood Investment I, LLC**, a California Limited Liability Company;
**4477 Hollywood Investment II, LLC**, a California Limited Liability Company;
**Kwan Industries, Inc.**, a California Corporation; and Does 1-10,

    Defendants

**Case No.** 2:17-cv-07675-CBM-E

**Joint Rule 26(f) Discovery Plan**

Date:    February 13, 2018
Time:    9:30 a.m.

Honorable Judge Consuelo B. Marshall

13
14
15
16
17

    PURSUANT TO Rule 26 of the Federal Rules of Civil Procedure and the Order Setting Scheduling Conference filed December 14, 2017, the parties hereby submit the following Joint Report.

18

1.   **Nature of the Case**

19
20
21
22
23
24
25
26

    <u>Plaintiff:</u> Chris Langer is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van. Defendants 4477 Hollywood Investment I, LLC and 4477 Hollywood Investment II LLC own the real property located at or about 1514 Hillhurst Ave., Los Angeles, California, including the adjacent parking lot. Defendant Kwan Industries, Inc. owns the Good Luck Bar ("Bar") located at or about 1514 Hillhurst Ave., Los Angeles, California.

27
28

    There was not a single parking spaces marked and reserved for persons with disabilities in the parking lot serving the Bar. Plaintiff alleges that there

1   used to be a parking space marked and reserved for persons with disabilities
2   but the parking space has either been paved over or allowed to fade beyond
3   recognition.
4           The defendant's failure to provide for an accessible parking space at
5   the Bar is a violation of the ADA and is discriminatory against the plaintiff.
6   Defendant violates the plaintiff's rights under the American with Disabilities
7   Act and the Unruh Civil Rights Act, and therefore, he seeks injunctive relief
8   and the statutory minimum damage award.
9           <u>Defendants 4477 Hollywood</u>: The structures on the property
10  according to the Los Angeles County Assessor's Office were built in 1947
11  and 1950.  To the knowledge of Defendants, the structures have not been
12  altered within the meaning of the Americans with Disabilities Act and
13  California Title 24.  Providing accessible parking is not readily achievable.
14  The parking lot has 10 spaces for the use of 3 storefront businesses, including
15  the Good Luck Bar, plus office space on the second floor.  Pursuant to the
16  leases, 8 of the10 parking spaces are assigned to specific tenants.  The Good
17  Luck Bar has no assigned parking spaces.  It is allowed the use of the spaces
18  so long as the tenants assigned to the spaces are not using them.  The office
19  hours for the various tenants are not limited to 9 to 5.  Five of the 8 assigned
20  spaces are assigned to tenants with operating hours from 9 pm for 4 of the
21  tenants to 11 pm for one of those tenants.  The Good Luck Bar has only 2
22  parking spaces available for use for all its patrons during the business hours of
23  the other tenants.  Pursuant to case authority and Department of Justice
24  releases, accessible parking is not readily achievable on this pre-ADA
25  property.
26          <u>Defendant Kwan</u>: Defendant Kwan Industries, Inc. ("Defendant
27  Kwan") owns and operates the bar, but has no control over the subject
28  parking lot.  Rather, pursuant to the lease agreement with the landlord, the

3

parking lot is under the exclusive control of the landlord. As such, Defendant Kwan cannot be liable under the ADA or California law as it has no control over the parking lot. *See Kohler v. Bed Bath & Beyond* (9th Cir. 2015) 780 F.3d 1260, 1266 ("We hold that neither the ADA, nor our decision in *Botosan*, imposes upon tenants liability for ADA violations that occur in those areas exclusively under the control of the landlord."). Further, Defendant Kwan denies that it violated Title III of the ADA or any applicable provision of California law. Defendant Kwan further denies that Plaintiff has standing in this matter and that he is entitled to any of the requested relief.

**2. Depositions**

Plaintiff: intends to depose Defendants. The date for depositions is not currently set.

Defendants 4477 Hollywood: We will take the deposition of plaintiff with a demand for production of documents at the deposition. If plaintiff reveals the identity of any witnesses, depositions of the witnesses may also be taken.

Defendant Kwan: Defendant intends to depose Plaintiff and to serve written discovery requests.

**3. Discovery Plan per Rule 26(f)(3)**

a) Initial Disclosures

The parties do not seek any changes to the timing, form or requirements for initial disclosures. The parties consent to exchange initial disclosures via email by February 18, 2018.

//
//

b) <u>Subjects for Discovery</u>

<u>Plaintiff</u> intends to seek discovery related to: (1) ownership and operation of the business; (2) the lack of accessible parking space at the Bar; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities. Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

<u>Defendants 4477 Hollywood</u>: Plaintiff's standing to sue, his alleged claim of damages, and parking remediation issues.

<u>Defendant Kwan</u>: Defendant Kwan will seek discovery as to all areas identified by Plaintiff, as well as to the basis of Plaintiff's alleged damages.  Defendant Kwan also intends to seek discovery as to the number of other ADA Title III lawsuits initiated by Plaintiff, Plaintiff's alleged disability, the amount of monies recovered by Plaintiff in other ADA Title III lawsuits, Plaintiff's alleged visit to the Bar, the specific barriers that Plaintiff allegedly encountered during his alleged visit to the Bar, Plaintiff's alleged injuries as a result of such visit, and Plaintiff's standing to bring the instant lawsuit.

The parties do not propose to conduct discovery in phases. The parties consent to receive by e-mail all discovery responses that are capable to be received via electronic means.

<u>Plaintiff</u>:  proposes a discovery cut-off date of January 21, 2019.

**Defendants:** Defendants propose a discovery cutoff date of October 2, 2018.

c) <u>Electronic Discovery Issues</u>

<u>Plaintiff:</u> requests that, as part of initial disclosures, Defendant produce all surveillance audio and video footage recorded at Defendants' facility; and which is in its possession or under its control. Defendant has an ongoing duty to preserve these video tapes and can no longer destroy or copy over such videotape footage.

<u>Defendants 4477 Hollywood</u>: Any texts, voice mails, or emails that were sent or received by plaintiff in the month of August 2017 must be preserved as they will be a subject of discovery.

<u>Defendant Kwan</u>: Defendant Kwan does not anticipate any e-discovery issues.

d) <u>Privilege or Protection Issues</u>

None.

e) <u>Limitations on Discovery</u>

<u>Plaintiff</u>: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for both parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

<u>Defendants</u>: There is no purpose to allow additional interrogatories to any party in the action. The limits established by the FRCP should apply.

//

6

f) <u>Other Orders</u>

The parties do not seek another discovery order at this time.

g) <u>Discovery Cut-Off Dates</u>

<u>Plaintiff</u>: proposes a final discovery completion date for non-expert discovery of December 17, 2018. Plaintiff proposes that experts be designated per FRCP Rule 26 (a)(2) by January 7, 2019, and expert witness depositions be completed by January 21, 2019.

<u>Defendants</u>: Defendants propose a final discovery completion date for non-expert discovery of October 2, 2018. And propose that experts be designated per FRCP Rule 26 (a)(2) by October 4, 2018, with expert witness depositions be completed by November 4, 2018.

**4. Experts**

<u>Plaintiff</u>: The Plaintiff may call an investigator to testify as to whether any fixes are readily achievable depending on the outcome of discovery. The expert's area of expertise is in ADA accessibility and building codes.

<u>Defendants 4477 Hollywood</u>:  We have not yet determined whether an expert will be needed for this action.

<u>Defendant Kwan</u>: Defendant Kwan may call an expert as to the control over the subject parking lot and whether any proposed barrier removal is readily achievable.

**5. Proposed Pre Trial Conference date**

The parties estimate that the trial will take 2-3 days. Plaintiff proposes April 1, 2019 for pre-trial conference.

7

Defendants estimate the jury trial will take 3 days and propose January 15, 2019 for the pre-trial conference.

**6.   Date Demand for Jury Trial**

<u>Plaintiff</u>: Plaintiff has requested a court trial. Plaintiff proposes April 16, 2019 for Trial.

<u>Defendants</u>: We seek a trial by jury and estimate that it will take 3 days and propose January 29, 2019 for the trial.

**7.   Settlement**

Plaintiff believes that settlement is likely in this case. Plaintiff believes that L.R. 16-15.4, Settlement Procedure Number 2—settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

**8.   Magistrate Judge Jurisdiction**

<u>Plaintiff</u>: does not choose to have a Magistrate Judge preside over this case at this time.

<u>Defendants 4477 Hollywood</u>:  We will not stipulate to a magistrate at this time.

<u>Defendant Kwan</u>: Defendant Kwan has no objection to the magistrate judge.

**9.   Contemplated Motions Schedule**

<u>Plaintiff</u>: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

<u>Defendants 4477 Hollywood</u>: Defendants will file a motion for summary judgment on the lack of any readily achievable remediation and may pursue a Rule 12(b)(1) motion on jurisdiction.

<u>Defendant Kwan</u>: Defendant Kwan anticipated a motion for summary judgment on the lack of control of the subject parking lot.

## 10.  Amendment to pleadings:

<u>Plaintiff:</u> Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

<u>Defendants 4477 Hollywood</u>: Defendants do not contemplate amendment of their answer.

<u>Defendant Kwan</u>: Defendant Kwan does not anticipate amending its pleading at this time.

9

1

2     Dated: February 6, 2018          CENTER FOR DISABILITY ACCESS

3

4

5                                      By:  /s/Dennis Price
6                                      Dennis Price
                                       Attorneys for Plaintiff
7

8

9     Dated: February 5, 2018          JAMES S. LINK

10

11

12                                     By:  /s/ James S. Link
                                       James S. Link
13                                     Attorneys for Defendants
                                       4477 Hollywood Investment I, LLC
14                                     4477 Hollywood Investment II, LLC

15

16    Dated: February 5, 2018          FISHER & PHILLIPS LLP

17

18

19                                     By:  /s/Nathan V. Okelberry
                                       Nathan V. Okelberry
20                                     Attorneys for Defendant
                                       Kwan Industries, Inc.
21

22

23

24

25

26

27

28

1

## **SIGNATURE ATTESTATION**

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: February 6, 2018                 CENTER FOR DISABILITY ACCESS

By: */s/Dennis Price*
Dennis Price
Attorneys for Plaintiff

11

**EXHIBIT A**

**PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES**

| Matter | Weeks Before Trial | Plaintiff Requests | Defendants 4477 Hollywood Request |
|---|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Tuesday at 10:00 a.m.)** | 25 | 10/22/2018 | |
| Non-Expert Discovery Cut-Off | 17 | 12/17/2018 | 10/2/18 |
| Expert Discovery Cut-Off | 12 | 1/21/2019 | 11/4/18 |
| Last Day to Conduct Settlement Proceedings | 10 | 2/4/2019 | 11/20/18 |
| Last Day for Law and Motion Hearings | 8 | 2/18/2019 | 12/4/18 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 4/1/2019 | 1/15/2019 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 4/8/2019 | 1/22/2019 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 4/12/2019 | |
| Trial **(Tuesday at 9:00 a.m.)** | | 4/16/2019 | 1/29/2019 |

12